**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIMMY JAKE HOLT,

      Petitioner - Appellant,

v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents - Appellees.

No. 98-2072

(D.C. No. CIV-97-782-JP/JHG)

(D. NM)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

      After examining Petitioner-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

      Pursuant to a guilty plea, Petitioner was convicted in New Mexico state court in 1995 on cocaine trafficking and burglary charges. He was sentenced to a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

term of thirty-eight years imprisonment of which thirteen years are suspended. Although Petitioner did not directly appeal his convictions to New Mexico courts, he filed two state petitions for writ of habeas corpus and a petition for writ of certiorari to the New Mexico Supreme Court, all of which were denied. On June 6, 1997, he filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed Petitioner's petition with prejudice because it determined that the section 2254 petition was time-barred by the Anti-Terrorism and Effective Death Penalty Act [AEDPA]. See 28 U.S.C. § 2244(d). The district court denied Petitioner's motion for a certificate of appealability. Petitioner appeals and requests a certificate of appealability from this court.

We agree with the district court that Petitioner's motion is untimely and is barred by 28 U.S.C. § 2244(d). AEDPA applies to this case because Petitioner filed his section 2254 motion on June 6, 1997. Petitioner's state court conviction became final in October 1995. Because his conviction was final before April 24, 1996, Petitioner had until April 24, 1997, to file a habeas petition pursuant to section 2254. See 28 U.S.C. § 2244(d); Miller v. Marr, 141 F.3d 976, 977 (10th Cir.), petition for cert. filed (U.S. June 10, 1998) (No. 98-5195); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997). "The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under

this subsection." 28 U.S.C. § 2244(d)(2). For purposes of this case only, and without deciding whether tolling could push a petitioner's filing deadline past April 24, 1997, we assume that Petitioner's applications for post-conviction review were properly filed and tolled the one-year statute of limitations for thirty-three (33) days. See id.; Hoggro v. Boone, No. 97-6383, 1998 WL 419727 (10th Cir. June 24, 1998). Therefore, his motion became time-barred on May 27, 1997. Although his petition was filed in the district court on June 6, 1997, even if it had been filed on May 31, 1997, see Fed. R. App. P. 25(a), as Petitioner claims, his filing was untimely and is therefore barred by 28 U.S.C. § 2244(d).

Because Petitioner's section 2254 motion was time-barred, we deny him a certificate of appealability. We also deny his Motion for Release Pending Final Judgment. Generally, because of the jurisdictional nature of applications for certificates of appealability, a respondent is not required to file a response brief to a petitioner's application until this court issues a certificate of appealability. See Simmonds, 111 F.3d at 740-41. Therefore, Respondent's notice of his intent not to file a merits brief was consistent with this court's procedure and did not represent a default on the merits.

Finally, because we deny Petitioner a certificate of appealability, we deny his two motions to obtain and to supplement the record with district court files, transcripts, and tapes that pertain to his case.

DENIED AND DISMISSED.

Entered for the Court


Monroe McKay
Circuit Judge