**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RONALD JUNIOR HANEY,

      Petitioner-Appellant,

v.

MIKE ADDISON,

      Respondent-Appellee.

No. 98-6255

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. CIV-97-1932-L)**

---

Submitted on the briefs:[*]

Ronald Junior Haney, Pro Se.

W.A. Drew Edmondson, Attorney General of Oklahoma and Alecia A. George, Assistant Attorney General of Oklahoma, Oklahoma City, Oklahoma, for Respondent-Appellee.

---

Before **BRORBY, EBEL,** and **LUCERO**, Circuit Judges.

---

**EBEL**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause therefore is ordered submitted without oral argument.

Petitioner-Appellant Ronald Haney appeals the district court's denial of his pro se § 2254 petition for habeas relief as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). We exercise jurisdiction under 28 U.S.C. § 1291, grant a certificate of appealability, and affirm.

## BACKGROUND

In 1993, Haney pled guilty to four counts of making lewd or indecent proposals to a minor under sixteen and one count of engaging in a lewd act with a minor under sixteen; he also pled nolo contendere to one count of kidnaping. On February 5, 1997, Haney filed this federal habeas action in the Western District of Oklahoma challenging his conviction. On May 15, 1998, a federal magistrate recommended granting the respondent's motion to dismiss the habeas petition as time-barred by the one-year limitations period imposed by AEDPA. The magistrate's recommendation concluded by stating:

> The Petitioner is advised of his right to object to this Findings and Recommendation on or before the 29th of May, 1998. Petitioner is further advised that failure to file a timely objection to this Findings and Recommendation waives his right to district court or appellate review of both factual and legal issues.

Magistrate's Recommendation at 6.

On June 1, 1998, instead of filing written objections to the magistrate's recommendation with the district court, Haney filed his objections in the form of a notice of appeal with this court. On June 9, 1998, the district court noted that Haney had not filed with it timely objections to the magistrate's report, and so it entered a final judgment adopting the magistrate's recommendation and dismissed Haney's § 2254 petition with prejudice. On June 22, 1998, instead of filing an amended notice of appeal, petitioner filed a pro se docketing statement with this court in connection with his earlier appeal. Respondent argues that this court lacks jurisdiction to entertain Haney's appeal, or in the alternative, that Haney waived his right to appellate review.

**DISCUSSION**

Jurisdiction

Absent both designation by the district court and consent of the parties, a magistrate's recommendation is not a final appealable decision under 28 U.S.C. § 1291. See  28 U.S.C. § 636(c); Colorado Bldg. & Constr. Trades Council v. Andersen Constr., 879 F.2d 809, 811 (10th Cir. 1989). Haney's June 1, 1998 Notice of Appeal to this court was therefore premature. Once the district court issued its final order on June 9, 1998, Haney did not file an amended notice of appeal; however, he did file a pro se docketing statement with our court within the 30-day period following the district court's final order as required by Fed. R.

- 3 -

App. P. 4(a)(1). We have, in the past, permitted the filing of a pro se docketing statement to serve as the functional equivalent of a notice of appeal. See Mason v. Hutton, No. 97-1327, 1998 WL 161151, **1 & n.1 (10th Cir. Mar. 31, 1998) (unpublished decision) (citing Smith v. Barry, 502 U.S. 244, 248-49 (1992)). While we strongly discourage this practice, we conclude that Haney filed a timely notice of appeal of the district court's final order, and therefore that we have jurisdiction under 28 U.S.C. § 1291.

Waiver

Respondent contends that Haney waived his right to appellate review by failing to file objections to the magistrate's report with the district court. See Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164-65 (10th Cir. 1986).

In Moore v. United States, 950 F.2d 656 (10th Cir. 1991), we declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order did not apprise the pro se litigant of the consequences of a failure to object to the magistrate's findings and recommendations. See id. at 659. Here, the magistrate's recommendation advised Haney of the time limit for filing objections, and informed him of the consequences of failing to object. However, it failed to inform him of the proper place for filing his objections, and also failed to cite the applicable statute, see 28 U.S.C. § 636(b), or rule, see Fed. R. Civ. P. 72(b). The non-specific language of the magistrate's recommendation supports

Haney's contention that he believed he was taking the appropriate action by filing his objections with the court of appeals in the nature of an appeal.[1]  Given Haney's pro se prisoner status, we will not hold that he deliberately waived his right to object to the magistrate's recommendation where he was not advised where to file his objections, and where he filed timely objections with the court of appeals rather than the district court.

We note that, even had they been cited in the recommendation, 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a) do not clearly specify where one's objections to the magistrate's recommendation should be filed.   Section 636(b) states merely that, "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  28 U.S.C. § 636(b).[2]

---

[1]We note that Haney filed his notice of appeal within the May 29, 1998 deadline for filing objections specified in the magistrate's recommendation. Although it was received at this court on June 1, 1998, Haney's  pro se notice of appeal is considered filed as of May 28, 1998, the date on the certificate of service. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 275-76 (1988) (inmate's document considered filed when turned over to prison officials for mailing).

[2]In this case, reference to the local rule is similarly of little help in determining where to file one's objections.  Local Civil Rule 72.1 in the Western District of Oklahoma provides:
> (a) The objection to any order or report and recommendation entered by a Magistrate Judge on any nonconsent matter shall be filed within fifteen (15) days of the date the order or report and recommendation is either pronounced in open court or filed, unless otherwise directed

(continued...)

Similarly, Fed. R. Civ. P. 72(b) provides: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific objections to the proposed findings and recommendations."

Thus, in neither the statute nor the federal rule is it explicitly stated that the filing should be with the clerk of the district court. Granted, the statute and rule make clear that a district judge "may accept, reject, or modify" the magistrate's decision, see 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b), and thus, one might discern from this language that any objections to the recommendation should be filed with the district court. However, given that the recommendation here failed even to cite these provisions, and given that the statute and rule themselves require some interpretation, we are not inclined to conclude that Haney, a prisoner proceeding pro se, should have figured out on his own where to file his objections.[3]

---

[2](...continued)
by the Court.
(b) Unless the Court directs otherwise, a party shall not file a response to the other party's objections to the proposed findings and recommendations of the Magistrate Judge.

[3]The better practice would be to include in the body of the recommendation that timely objections should be filed with the clerk of the district court.

AEDPA Filing Deadlines

Nevertheless, we affirm the district court's dismissal of Haney's petition, as it is time-barred by the one-year limitations period imposed by AEDPA, 28 U.S.C. § 2244(d). In United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997), we held that in cases such as this one, where a petitioner's conviction became final prior to the effective date of AEDPA, the petitioner is given a grace period of one year from the April 24, 1996 effective date of the Act -- or until April 23, 1997 -- to file a federal habeas petition. See id. at 745. Under § 2244(d)(2), the one-year limitations period under AEDPA is tolled during the time any properly filed application for state collateral review is pending. Haney relies on Simmonds and § 2244(d)(2) to argue that because his application for state post-conviction relief, filed February 5, 1997, was pending until April 28, 1997, the one-year grace period under Simmonds did not start to run until April 28, 1997 at the conclusion of his state collateral proceedings. As a result, he contends that his federal habeas petition, filed December 3, 1997, fell within the one-year grace period. We disagree.

Under Simmonds, Haney had until April 23, 1997 to file his federal habeas petition. Haney filed his application for state post conviction relief on February 5, 1997, which stopped the running of the one-year grace period with only 78 days remaining. The grace period began to run again on April 28, 1997, when Haney's

state post conviction relief was finally denied. Thus, Haney had 78 days from that date, or until July 15, 1997, to file his § 2254 petition. Haney did not file his petition until December 3, 1997. His petition was therefore untimely.

## CONCLUSION

The judgment of the district court is AFFIRMED. Petitioner's motion for leave to proceed in forma pauperis is DENIED.