F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2000**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JESSE GARZA, Individually and as Representative member of The Class Composed of all Claimants for Relief under the Decision of Lamb v. Brown, and its Federal Retroactive Progeny; MICHAEL DON SMITH, Individually and as Representative Member of The Class composed of all Claimants for Relief under the Decision of Lamb v. Brown, and its Federal Retroactive Progeny; REGINALD L. GREEN, Individually and as Representative Member of The Class composed of all Claimants for Relief under the Decision of Lamb v. Brown, and its Federal Retroactive Progeny; KEVIN MICHAEL ESTELL, Individually and as Representative Member of The Class Composed of all Claimants for Relief under the decision of Lamb v. Brown, and its Federal Retroactive Progeny; THE CLASS, Composed of all Claimants for Relief under the Decision of Lamb v. Brown, and its Federal Retroactive Progeny,

      Plaintiffs-Appellants,

v.

GARY GIBSON, Warden, Oklahoma State Penitentiary, McAlester,

Nos. 98-7030 & 98-7069
(D.C. No. 97-CV-263-S)
(E.D. Okla.)

Oklahoma, Individually and as Representative Member of the Class composed of all Oklahoma Wardens, Clerks, Judges, etc. Opposing the Decision of Lamb v. Brown and its Federal Retroactive Progeny; STEVE KAISER, Warden, Davis Correctional Facility, Holdenville, Oklahoma, Individually and as Representative Member of the Class Composed of all Oklahoma Wardens, Clerks, Judges, etc. Opposing the Decision of Lamb v. Brown and its Federal Progeny; H.N. SCOTT (Sonny), Warden, Joseph Harp Correctional Center, Lexington, Oklahoma, Individually and as Representative Member of the Class composed of all Oklahoma Wardens, Clerks, Judges, etc. Opposing the Decision of Lamb v. Brown and its Federal Retroactive Progeny; KEN KLINGER, Warden, Oklahoma State Reformatory, Granite, Oklahoma, Individually and as Representative Member of the Class composed of all Oklahoma Wardens, Clerks, Judges, etc. opposing the Decision of Lamb v. Brown, and its Federal Retroactive Progeny; THE CLASS, Composed of all Oklahoma Wardens, Clerks, Judges, etc. Opposing the Decision of Lamb v. Brown, and its Federal Retroactive Progeny,

Defendants-Appellees.

**ORDER AND JUDGMENT** [*]

---

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.

Appellants Jesse Garza, Michael Don Smith, Reginald L. Green and Kevin Michael Estell appeal from the district court's order dismissing their petition which they brought as a class action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, and from the district court's order denying their post-judgment motions.  Appellants may not prosecute these appeals unless we grant them a certificate of appealability (COA).     See 28 U.S.C. § 2253(c)(1).  In order to

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

obtain a COA, appellants must make "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). [1]

We begin with a jurisdictional question. Appellants argue that one of their consolidated appeals is premature. We disagree. Appellants' first notice of appeal, in case No. 98-7030, was timely and premature, but matured when the district court entered its order of April 3, 1998. See Fed. R. App. P. 4(a)(4)(B)(i). The second notice of appeal, in case No. 98-7069, was timely and effective to appeal from the denial of the post-judgment motions. We therefore have jurisdiction over both appeals.

We conclude, however, that the district court properly dismissed appellants' underlying habeas corpus proceeding as untimely filed. Most of the convictions challenged became final prior to April 24, 1996. In the absence of suspension of the time limit, appellants were therefore required to file their § 2254 petition as to these convictions before April 24, 1997. See Haney v. Addison, 175 F.3d 1217, 1220 (10th Cir. 1999) ("[W]here a petitioner's conviction became final prior to the effective date of AEDPA, the petitioner is given a grace period of one year from the April 24, 1996 effective date of the Act–or until April 23, 1997–to file a federal habeas petition"); cf. United States v. Simmonds, 111 F.3d 737, 746 (10th

---

[1] Although appellants did not file a motion requesting a COA in this court, we construe their notices of appeal as a request for a COA, deny that request, and dismiss their appeals. See Fed. R. App. P. 22(b)(2).

-4-

Cir. 1997) (stating rule for parallel time limitation applicable to 28 U.S.C. § 2255 motion). Appellants filed their petition on April 24, 1997. Their petition was therefore one day late and is time-barred, to the extent it seeks relief from convictions which became final prior to April 24, 1996. [2]

Appellants point us to recent unpublished cases from this circuit which have stated that a habeas petitioner whose conviction became final prior to April 24, 1996, has "until" April 24, 1997, to file his petition. See, e.g. , Holt v. LeMaster , No. 98-2072, 1998 WL 647857, at **1 (10th Cir. Sept. 14, 1998), cert. denied , 119 S. Ct. 2344 (1999). In light of Simmonds and Haney , however, the phrase "until" cannot reasonably be read to permit filing on April 24, 1997. To the extent these unpublished cases hold to the contrary, we decline to follow them in light of this court's published precedent. See 10th Cir. R. 36.3(A).

The district court recognized that some of appellants' convictions may have become final after April 24, 1996, and it invited them to re-file separate petitions for habeas corpus to challenge those convictions. [3] Appellant Jesse Garza did as

---

[2] Before the district court, appellants submitted a lengthy disquisition concerning the calculation of time periods, which they wisely abbreviate in this appeal. We are not persuaded by their arguments concerning the difference between sidereal and solar days, the elliptical orbit of the earth, the "$n$-body problem," the vernal equinox, leap seconds, atomic vs. ephemeral time, and Coordinated Universal Time vs. Greenwich Mean Time.

[3] We presume that since the district court invited the filing of these second petitions, it would not treat them as "successive" or "abusive" under 28 U.S.C.

the court instructed and subsequently filed a separate habeas petition in which he attacked his 1995 conviction on several grounds. The district court dismissed that petition because it contained unexhausted claims. In a separate order and judgment we denied COA and dismissed an appeal from the district court's decision, leaving open the possibility that Mr. Garza could engage in further litigation concerning those claims in district court after resolving the exhaustion problem. See Garza v. Gibson, No. 99-7036, 1999 WL 1054679, at *3 (10th Cir. Nov. 22, 1999). Any claims pertaining to his 1995 conviction are therefore properly litigated in the district court as part of a petition specifically addressing them, and not in this appeal as Mr. Garza requests. Similarly, since the other named plaintiffs do not make any cogent argument against the district court's decision to require them to refile any timely claims in separate petitions, we do not consider whether the district court should have addressed their timely claims on the merits.

We have reviewed appellants' remaining arguments which bear on the timeliness issue and they do not persuade us that their petition is or should be considered timely filed. Since they filed their petition late, they are not entitled

---

[3](...continued)
§ 2244(b).

to a COA.  Accordingly, we DENY appellants' application for COA and

DISMISS their appeals.

Entered for the Court


John C. Porfilio
Senior Circuit Judge