**ARTHUR ANDERSEN LLP, Plaintiff,**

v.

**STANDARD & POOR'S CREDIT, Market Services, et al., Defendants.**

**No. 03–CV–122–K(J).**

United States District Court, N.D. Oklahoma.

April 23, 2003.

---

J. Douglas Mann, William Andrew Caldwell, John Edward Howland, Andrea R. Kunkel, Eric D. Wade, Rosenstein Fist & Ringold, Tulsa, OK, Michael J. Moscato, Jr., Curtis Mallet–Prevost Colt & Mosle LLP, New York City, for Arthur Andersen, L.L.P., plaintiff.

James Clay Lang, Brian T. Inbody, Sneed Lang PC, Tulsa, OK, Phillip T. Bruns, Jennifer Horan Greer, Jeremy L. Doyle, Robert J. Madden, Gibbs & Bruns LLP, Houston, TX, John N. Hermes, McAfee & Taft, Oklahoma City, OK, Mark Lerner, James J. Coster, Joshua M. Rubins, Satterlee Stephens Burke & Burke LLP, New York City, Laurence Lindsay Pinkerton, James David Jorgenson, Pinkerton & Finn, Tulsa, OK, Anil Kalhan, Evan A. Davis, Cleary Gottlieb et al., New York City, Fred Dorwart Lawyers, Tulsa, OK, for Standard & Poor's Credit Market Services, Sued as: Standard & Poor's Ratings Services, a division of The McGraw–Hill Companies, Inc.—McGraw–Hill Companies, Inc., Moody's Investors Service, Inc., Fitch Investors Service, L.P., Duff & Phelps Credit Rating Co., David L Bryant, J Michael Medina, defendants.

David L. Bryant, Bryant Law Firm, Tulsa, OK, Pro se.

J. Michael Medina, Fred Dorwart Lawyers, Tulsa, OK, Pro se.

### *ORDER*

KERN, Chief Judge.

Before the Court is the appeal of defendant Standard & Poor's Credit Market Services ("S & P") from the Magistrate Judge's Orders and Report and Recommendation. Arthur Andersen ("Andersen") has been named as a defendant in numerous securities lawsuits filed in this district and known collectively as the CFS litigation. In those cases, Andersen has filed third-party complaints against certain "Rating Agencies" (S & P being one) and "Investment Advisors", alleging claims of contribution and indemnity.

The Rating Agencies filed motions to strike, or sever and stay Andersen's third-party claims. The motions argued that the Rating Agencies would be prejudiced by their late addition to the main litigation, in which discovery had progressed to a large extent. The Magistrate Judge agreed, and severed the third-party claims, creating a new case file, 03–CV–122–K, comprising solely those claims. However, the Magistrate Judge denied the Rating Agencies' request that severance be accompanied by a stay of the third-party claims until the outcome of the main litigation was known.

S & P has objected and appealed to the district court. S & P states its raises "a single, dispositive point of law: that the Court lacks subject matter jurisdiction over the claims asserted against S & P by Andersen". S & P asserts that a "stand alone" indemnity or contribution claim is unaccrued and thus does not present a ripe, justiciable case or controversy over which the Court can permissibly exercise subject matter jurisdiction [1].

 The Court disagrees. The reason the third-party claims are now "stand-alone" claims is that Magistrate Judge Joyner granted severance *at S & P's request.* Absent this request, the third-party claims would be completely permissible as accompanying the main action, pursuant to Rule 14 F.R.Cv.P. The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error. *Zink Co. v. Zink,* 241 F.3d 1256, 1259 (10th Cir.2001). Here, any lack of subject matter jurisdiction (of which the Court is not persuaded) could be easily remedied by placing the third-party claims back into the main litigation, a situation S & P earlier protested was highly prejudi-

cial to it. S & P gets full points for *chutzpa,* but its objection will not be sustained.

 In any event, the Court finds Magistrate Joyner's decision manifestly correct. Rule 14(a) expressly states: "Any party may move to strike the third-party claim, or for its severance or separate trial." If severance of a third-party claim results in a loss of jurisdiction, why does the Rule contemplate a potential "separate trial"? S & P does not provide an answer.

"When considering a request to sever the impleader claim and for its separate trial, the court typically is concerned with the effect the additional parties and claims will have on the adjudication of the main action—in particular, whether continued joinder will serve to complicate the litigation unduly or will prejudice the other parties in any substantial way." 6 Wright, Miller & Kane, *Federal Practice and Procedure,* § 1460 at 457 (footnote omitted). Magistrate Judge Joyner carefully balanced these factors and reached the appropriate decision of severance, a decision highly favorable to S & P.

S & P protests that it requested severance *and* stay. The Court finds Magistrate Judge Joyner's discretionary refusal to stay the third-party claims appropriate. Third-party claims brought under the authority of Rule 14 are rarely stayed, and in this instance would be a recipe for extending the CFS litigation into infinity. S & P repeats its request for stay to this Court in the present objection, but the request is inconsistent with the remainder of its argument. If a Court lacks subject matter jurisdiction over a claim, it lacks authority to stay (as opposed to dismiss) that claim.

---

1. S & P did not raise its argument regarding subject matter jurisdiction to the Magistrate Judge. It argues that it may nevertheless raise it now because lack of subject matter jurisdiction is not waivable.

The decision of the Magistrate Judge is affirmed in all respects.

It is the Order of the Court that the objections (# 35) to Magistrate's Orders and Report and Recommendation are hereby DENIED. The motion for expedited hearing (# 46) and the supplemental request for expedited consideration (# 79) are hereby deemed moot.

## In re CFS-Related Securities Fraud Litigation

Case Nos. 99–CV–825–K(J), 00–CV–111–K(J), 99–CV–828–K(J), 00–CV–839–K(J), 99–CV–829–K(J), 99–CV–862–K(J), 99–CV–863–K(J), 99–CV–864–K(J), 99–CV–873–K(J), 00–CV–104–K(J), 00–CV–205–K(J), 99–CV–874–K(J), 00–CV–110–K(J), 99–CV–889–K(J), 99–CV–919–K(J), 00–CV–837–K(J), 02–CV–531–K(J).

### REPORT AND RECOMMENDATION

JOYNER, United States Magistrate Judge.

Third–Party Defendants Standard & Poor's Credit Market Services (formerly known as Standard & Poor's Rating Agencies, a division of the McGraw–Hill Companies, Inc.), Moody's Investors Service, Inc., and Fitch, Inc., as successor to Fitch Investors Services, L.P., and Duff & Phelps Credit Rating Services (hereafter referred to as the "Rating Agencies"), were joined as third-party Defendants by Defendant Arthur Andersen LLP (hereafter "Andersen"), by Third Party Complaint on December 23, 2002, the deadline for joinder of parties. The Rating Agencies filed motions for: (1) Exemption from the Deposition Protocol Order and a request to Strike, or Sever and Stay Andersen's Third–Party Claims.

Andersen and Mayer, Brown, Rowe & Maw (hereafter "Mayer Brown") filed Third–Party Complaints against Third–Party Defendant Asset Allocation & Management Company (hereafter "AAM") on December 23, 2002, the last day for joinder.[1] AAM adopted the Rating Agencies' motions, and requested that it be exempted from the Deposition Protocol Order and that the Third–Party Claims be stricken or severed and stayed. See Third–Party Defendant Asset Allocation & Management Company's Adoption by Reference of Third–Party Defendant Rating Agencies' Motion for Exemption from Deposition Protocol Order and Motion to Strike or, in the Alternative, to Sever and Stay Andersen's and Mayer Brown's Third–Party Claims, filed January 31, 2003, in Case No. 99–CV–919–K–J.

The United States Magistrate Judge has, by separate Order on Rating Agencies and AAM's Motions to Stay, granted the motion to sever the third-party claims against Andersen and denied the motion to sever the third-party claims of AAM. The United States Magistrate Judge is recommending that the District Court deny the motions of the Rating Agencies and AAM to strike the third-party complaints.

As discussed in the Order on Rating Agencies and AAM's Motions to Stay, the motion to strike is a request that the Court dismiss the third-party claims. Pursuant to 28 U.S.C. § 636, the United States Magistrate Judge, for the reasons more fully stated in the Order On Rating Agencies and AAM's Motions to Stay, recommends that the District Court deny the Motions to Strike by the Rating Agencies and AAM.

---

1. Mayer Brown filed their Third–Party Complaint in Case No. 00–CV–837–K(J). However, Case No. 00–CV–837–K(J) was previously consolidated by the Court into Case No. 99–CV–919–K(J). Consequently, AAM has only been added as a Third–Party in 99–CV–919–K(J).

## OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation. *See* Fed.R.Civ.P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will

make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b). *See also* 28 U.S.C. § 636(b)(1).

The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1059 (10th Cir.1996) (quoting *Moore v. United States,* 950 F.2d 656, 659 (10th Cir.1991)). **Thus, a timely, specific and written objection is necessary to preserve an issue for *de novo* review by the assigned district judge and for appellate review by the court of appeals.** *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Haney v. Addison,* 175 F.3d 1217 (10th Cir.

1999); and *Talley v. Hesse,* 91 F.3d 1411 (10th Cir.1996).

February 18, 2003.