OKLAHOMA CHAPTER OF the AMERICAN ACADEMY OF PEDIATRICS (OKAAP), et al., Plaintiffs,

v.

Michael FOGARTY, Chief Executive Officer of the Oklahoma Health Care Authority (OHCA), et al., Defendants.

No. 01–CV–0187–CVE–SAJ.

United States District Court, N.D. Oklahoma.

Nov. 28, 2007.

**1354**

Louis Werner Bullock, Patricia Whittaker Bullock, Robert Murray Blakemore, Miller, Keffer & Bullock, Tulsa, OK, Thomas K. Gilhool, James Eiseman, Public Interest Law Center of Philadelphia, Philadelphia, PA, for Plaintiffs.

Lynn Susan Rambo–Jones, Howard J. Pallotta, Oklahoma Health Care Authority, Oklahoma City, OK, for Defendants.

### *OPINION AND ORDER*

CLAIRE V. EAGAN, Chief Judge.

Now before the Court are Magistrate Judge Sam A. Joyner's Report and Recommendation (Dkt.# 470) on Defendants' Motion for an Award of Attorney Fees and Brief in Support (Dkt.# 453) and Defendant's [sic] FRCP 60(b)(5) Motion to Vacate Order and Return Monies Tendered (Dkt.# 472).

### I.

Plaintiffs filed this lawsuit under 42 U.S.C. § 1983 alleging that the Oklahoma Health Care Authority ("OHCA") was not complying with its obligation to provide health care services for Medicaid-eligible children. Specifically, plaintiffs alleged that OHCA was not providing early and periodic screening, diagnosis and treatment services as required by 42 U.S.C. §§ 1396a(a)(8) and (a)(10), and that reimbursement rates for providers were insufficient to guarantee Medicaid recipients equal access to quality health care. After a non-jury trial, the Court entered findings of fact and conclusions of law on March 22, 2005, concluding that defendants' payments to providers were insufficient to enlist enough providers for Medicaid-eligible children and that defendants were not providing medical assistance to eligible individuals with reasonable promptness. Dkt. # 272, at 120. The Court entered a final judgment and permanent injunction against defendants, and a compliance hearing was set for May 19, 2006. Defendants appealed the Court's ruling to the Tenth Circuit Court of Appeals.

As the prevailing parties, plaintiffs filed a bill of costs and a motion for attorney

fees. The Court Clerk ordered defendants to pay costs of $25,038.08, but denied plaintiffs' request for copying costs of $985.43 concerning trial exhibits and examination notebooks. Plaintiffs appealed the Court Clerks's order and the Court awarded plaintiffs an additional $985.43 for copying costs. On January 27, 2006, the Court entered judgment in favor of plaintiffs taxing costs against defendants in the amount of $26,023.51. Dkt. # 373. Plaintiffs' motion for attorney fees was referred to Magistrate Judge Sam A. Joyner for resolution but, before he could enter a report and recommendation, the Tenth Circuit reversed the judgment in favor of plaintiffs. In accordance with the Tenth Circuit's decision, this Court vacated its findings of fact and conclusions of law and its judgment, and entered judgment for defendants. Dkt. # 447.

Defendants filed a bill of costs and a motion for attorney fees, arguing that they were the prevailing party following the Tenth Circuit's decision. Defendants requested costs of $23,125.37 in their bill of costs. Defendants filed a separate motion seeking expenses of $11,314.90 under 28 U.S.C. § 1920 and 42 U.S.C. § 1988,[1] and defendants also requested that plaintiffs return, with interest, the $26,023.51 in costs awarded to plaintiffs before the Tenth Circuit's decision. The Court Clerk awarded defendants $16,843.06 in costs on August 14, 2007. The magistrate judge issued a report and recommendation on August 29, 2007, recommending that defendants' motion for attorney fees be considered moot as to attorney fees, stayed in part as to costs, and denied without preju-

dice as to the return of costs previously awarded to plaintiffs. He found that many of the expenses sought by defendants were likely included in the Court Clerk's award of costs, but the award of costs was not a final order. Therefore, he concluded that a ruling on defendants' motion for attorney fees should be stayed until defendants had an opportunity to object to the Court Clerk's award of costs. He noted that defendants' request for return of costs previously awarded to plaintiffs must be brought under Fed.R.Civ.P. 60(b)(5), and he recommended denial of defendants' request for return of costs without prejudice to the filing of an appropriate Rule 60(b) motion.

Defendants filed a motion under Rule 60(b)(5) requesting that plaintiffs return the $26,023.51 in costs with interest. Plaintiffs filed a response stating that no order would be necessary concerning the return of the $26,023.51, because plaintiffs have agreed to pay defendants the full amount. However, plaintiffs dispute defendants' request for interest on this amount, because defendants have not cited any legal basis for interest.

**II.**

■ The Court has reviewed the magistrate judge's report and recommendation and defendants' Rule 60(b) motion and finds that many of the issues concerning defendants' entitlement to costs and fees are moot. The Court Clerk's bill of costs became final on August 21, 2007, when the deadline passed to appeal to the undersigned the Court Clerk's award of costs.[2] Therefore, defendants' entitlement to costs under 28 U.S.C. § 1920 has been adjudi-

---

1. Defendants did not request attorney fees for services provided by counsel, because defendants were represented by attorneys employed by OHCA. Therefore, defendants did not incur legal fees and, although nominally a motion for attorney fees, defendants' motion was limited to litigation expenses.

2. The magistrate judge's report and recommendation states that the Court Clerk's order

awarding costs was not final, because the parties had 15 days to file an objection after the Court Clerk entered his order. In fact, the parties had 5 days to file an appeal of the Court Clerk's order under Fed.R.Civ.P. 54(d)(1) and, excluding weekends and holidays, the deadline to appeal the Court Clerk's award of costs was August 21, 2007.

cated, and defendants have not exercised their right to appeal the Court Clerk's August 14, 2007 award of costs. In addition, plaintiffs have agreed to return the $26,023.51 awarded to them as costs prior to the Tenth Circuit decision.[3] This leaves two issues for adjudication: (1) defendants' entitlement to costs under 42 U.S.C § 1988; and (2) defendants' request for interest on the $26,023.51.

■ As to the first issue, the magistrate judge recommended that the Court stay its ruling on this issue and his report and recommendation, although not a formal stay, has effectively stayed resolution of this issue. Although the magistrate judge did not reach this merits of this issue, the Court sees no reason to recommit the issue to the magistrate judge for further proceedings to determine if defendants have a right to fees or expenses under § 1988. When a defendant prevails in a case falling within § 1988(b), "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). This Court initially entered judgment in favor of plaintiffs and, although the Tenth Circuit reversed this Court's judgment, the Tenth Circuit gave no indication that it viewed plaintiffs' claims as frivolous. The Tenth Circuit has been clear the *Christiansburg* standard is a "difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1203 (10th Cir. 2000). This was a complex and hard-

fought case, and the Court finds no possibility that plaintiffs' claims could be characterized as frivolous, unreasonable, or groundless under the *Christiansburg* standard. Therefore, defendants are not entitled to fees or costs under § 1988(b).

■ Turning to defendants' request for "statutory interest" on the $26,023.51 award of costs that must be returned by plaintiffs, the Court finds no legal basis for this request. Defendants' Rule 60(b) motion cites no statute or precedent that would require plaintiffs to pay interest on the returned funds. In addition, the Court has independently researched this issue and finds no legal support for defendants' position. Defendants' request for "statutory interest from the date of [plaintiffs'] receipt" of the money would act as a penalty against plaintiffs for filing this lawsuit. Dkt. # 472, at 3. If the Court were to impose interest on the return of the award of costs, this could deter future plaintiffs from pursuing novel yet legitimate claims under § 1983. Defendants have not identified any legal basis for an award of interest under these circumstances, and plaintiff will be ordered to return the funds without interest.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt.# 470) is accepted in part and rejected in part, and Defendants' Motion for an Award of Attorney Fees and Brief in Support (Dkt.# 453) is **moot in part** and **denied in part.** Defendants' motion is moot as to their request for costs under 28 U.S.C. § 1920; defendants' motion is denied as to their request for fees and expenses under 42 U.S.C. § 1988. Defendant's [sic] FRCP 60(b)(5) Motion to Vacate Order and Return Monies Tendered (Dkt.# 472) is **granted in part** and **de-**

---

**3.** Plaintiffs suggest that the Court does not need to enter an order concerning these costs, because they have agreed to return the money. Without a settlement by the parties and withdrawal of defendants' motion, the issue is still ripe for adjudication and an order must be entered disposing of defendants' motion.

nied in part. Defendants' motion is granted as to the return of the $26,023.51 previously awarded to plaintiffs, but defendants' request for interest on this amount is denied.

IT IS FURTHER ORDERED that the judgment (Dkt.# 373) awarding $26,023.51 in costs to plaintiffs is vacated, and plaintiffs must return $26,023.51 to defendants no later than **December 21, 2007.**

## REPORT AND RECOMMENDATION

SAM A. JOYNER, United States Magistrate Judge.

Before the Court is Defendant's Motion For Attorney Fees [Dkt. # 453], referred by the Honorable Claire V. Eagan, and the Court, having considered the argument and authority presented, finds the issues do not require hearing and enters the following Report and Recommendation:

### I. Background

Plaintiffs filed this action in March 2001, pursuant to 42 U.S.C. § 1983, alleging that Defendants' acts and omission deprive Oklahoma's Medicaid-eligible children of the health care and treatment to which those children are entitled under Title XIX of the Social Security Act ("Medicaid Act"). Plaintiffs sought to enforce their right to receive early and periodic screening, diagnosis and treatment ("EPSDT") services as set forth in 42 U.S.C. §§ 1396(a)(8), 1396(a)(10)(A), 1396d(a)(4)(B)(2) and 139d (r). Plaintiffs also specifically alleged that Defendants had failed to furnish Medicaid-eligible children with necessary EPSDT services with reasonable promptness in violation of § 1396a(a)(8), and that Defendants have failed to set provider reimbursement rates at a sufficient level to assure recipients equal access to quality health care, in violation of 42 U.S.C. § 1396a(a)(30)(A). Plaintiffs sought injunctive relief to ensure that eligible children do actually receive that care.

On May 21, 2002, the Court denied Defendants' Motion to Dismiss. On May 30, 2003, the Court certified and determined the Plaintiff class to be: "all children under the age of 21 who are now, or in the future will be, residing in Oklahoma and who have been, or will be, denied or deprived of Medical Assistance as required by law."

A 19 day non-jury trial was held in April and May, 2004. Findings of Fact and Conclusions of Law were entered by the Court on March 22, 2005, in which the Court concluded that, "in violation of 42 U.S.C. § 1396a(a)(30)(A), Defendants are not assuring that payments are sufficient to enlist enough providers so that care and services are available to Medicaid-eligible children to the extent that such care and services are available to the general population in the geographic areas served by the OHCA (i.e., Defendants are not assuring "equal access")." The District Court further concluded that Defendants have violated § 1396a(a)(30)(A) by failing "to assure that payments to providers are consistent with quality of care ..." The District Court also made a finding that Defendants "are not furnishing medical assistance with reasonable promptness to all eligible individuals, in violation of § 1396a(a)(8)." With regard to the comprehensive health screening periodicity schedule, the Court held that Defendants have violated federal law by failing to draft the periodicity schedule in "consultation with recognized medical and dental organizations involved in child health care."

The record reflects numerous motions and hearings were held following the entry by the Court of its Findings of Fact and Conclusions of Law, culminating in a final appealable Judgment and Permanent Injunction being entered on May 19, 2005. An appeal to the Tenth Circuit Court of

Appeals was filed and on February 15, 2007, the case was reversed and remanded with directions to enter judgment in favor of Defendants. Petition for Writ of Certiorari was filed by Plaintiffs on May 17, 2007 and is currently pending.

As prevailing parties, Plaintiffs filed Bill of Costs on July 14, 2005. The Court Clerk held a hearing and awarded Plaintiffs $25038.08 in costs against Defendants. This Order was appealed to the District Court, which affirmed the amount of costs awarded by the Court Clerk but added an additional $985.43 in costs which had been denied by the Court Clerk. In the Order, dated January 26, 2006, the Court noted that certain cost items excluded by the Court Clerk were also sought by Plaintiffs in their motion for attorney fees filed pursuant to 42 U.S.C. § 1988. The Court found that the Court Clerk's determination as to those fees were not *res judicata* as to any determination to be made by the magistrate judge to whom the motion for attorney fees was referred. This Order was also appealed to the Tenth Circuit, however Defendants dismissed the appeal of this Order on September 14, 2006.

Defendants filed Bill of Costs on April 2, 2007 and pleading styled "Defendants' Motion for An Award of Attorney Fees And Brief In Support" the same day. Bill of Costs was set for hearing before the Court Clerk and Defendants' Motion for An Award of Attorney Fees was referred to the undersigned.

The Clerk of Court held hearing on the Bill of Costs on August 14, 2007, and awarded costs in the amount of $16,843.06 in favor of Defendants and against the Plaintiffs. The time for objections to the Order entered by the Court Clerk has not yet expired.

## II. ARGUMENTS AND AUTHORITY

Defendants styled their motion as "Defendants' Motion for An Award of Attor-

ney Fees And Brief In Support" Defendants, however, state that they are not making a request for attorney fees as prevailing parties. Instead, Defendants' motion is directed toward recovery of costs and expenses not awarded pursuant to 28 U.S.C. § 1920 and return of costs and expenses previously awarded to Plaintiffs as prevailing parties.

### A. Costs and Expenses Paid to Plaintiffs

Defendants urge the cost and expenses that were paid to Plaintiffs prior to the reversal by the Tenth Circuit should now be returned as costs and expenses. Defendants originally appealed the January 26, 2005 Order. However the appeal was dismissed upon Defendants' motion, filed more than three months before reversal by the Tenth Circuit of the substantive appeal.

Plaintiffs assert they are entitled to retain the $25,038.08 previously awarded based upon a final judgment having been entered as to the costs and expenses. Plaintiffs are, in effect, urging the voluntary dismissal of the appeal as to the cost and expenses waives any right to a return of those funds.

Defendants cite to *Corley v. Rosewood Care Center, Inc.*, in support of their position. In *Corley*, the district court granted summary judgment on a RICO claim in favor of the defendants. 142 F.3d 1041, 1056 (7th Cir.1998). As prevailing parties, the defendants were awarded costs. The Seventh Circuit later reversed the summary judgment. Since the defendants were no longer "prevailing parties" under Fed.R.Civ.P. 54(d), the Seventh Circuit determined that it "must vacate the costs awarded on that claim." *Id.* As in the case at bar, the award of costs had been appealed separately. However, the appeal of the costs had not been dismissed.

The Court concludes that inclusion of a request for return of the costs paid by Plaintiffs to Defendants is not properly brought pursuant to either 28 U.S.C. § 1920 or 42 U.S.C. § 1988. Instead, Defendants request should have been brought pursuant to Fed.R.Civ.P. 60(b). The Court therefore recommends that as to this issue, Defendants motion should be denied without prejudice to reurge its position pursuant to Fed.R.Civ.P. 60(b).

### B. Defendants' Costs and Expenses

Other costs and expenses now sought by Defendants' motion for attorney fees are to some degree included in the Bill of Costs on which the Clerk of Court entered judgment in the amount of $16,843.06 on August 14, 2007. Because this is not a final order, this Court recommends that Defendants' motion as to the issues of costs and expenses be stayed pending entry of final order on Bill of Costs. Final order is defined by this Court as the order entered after time for objections has expired or objections have been resolved by the Court. Defendants should file motion to lift stay advising the Court as to what cost and expense issues remain to be determined pursuant to 42 U.S.C.1988 within 15 days of final order. Alternatively, Defendants should file motion to withdraw as moot if all issues are resolved.

### III. Recommendation

This Court recommends that Defendant's Motion For Attorney Fees [Dkt. # 453] be denied in part as moot as to attorney fees, stayed in part as to costs and expenses as set forth herein, and denied in part without prejudice to reurge as set forth herein as to the issue of return of costs and expenses paid to Plaintiffs.

### IV. Objections

In accordance with 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b), a party may file specific written objections to this Report and Recommendation. Objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within 10 days of being served with a copy of this Report and Recommendation. *See* Fed.R.Civ.P. 6 (as to computation of time periods). If specific written objections are timely filed, the district judge assigned to this case will

> make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b). *See also* 28 U.S.C. § 636(b)(1).

■ The Court of Appeals for the Tenth Circuit has adopted a "firm waiver rule" in connection with appeals from orders adopting a Magistrate Judge's report and recommendation. "[T]he failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property,* 73 F.3d 1057, 1059 (10th Cir.1996) (*quoting Moore v. United States,* 950 F.2d 656, 659 (10th Cir.1991)). **Thus, a timely, specific and written objection is necessary to preserve an issue for** *de novo* **review by the assigned district judge and for appellate review by the court of appeals.** *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Haney v. Addison,* 175 F.3d 1217 (10th Cir. 1999); and *Talley v. Hesse,* 91 F.3d 1411 (10th Cir.1996).