**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LAFAYETTE STONE,

      Plaintiff-Appellant,

v.

AARON ALBERT; CHRIS
SANCHEZ; FLOYD GONZALES;
BLAIN WARRIOR; ROBERT
FUENTES; FRANK MAESTAS;
CRAIG FOSTER; JEREMY
MAESTAS; MARCUS GULIN;
ROY HARTMAN; RAY GONZALES;
M. GARCIA; J. BACA;
S. CORDOVA; SCOOTER;
CHARLES POOLE; RUBEN
PADILLA; LOUIS HERNANDEZ;
SCOTT RICHTER; MIKE
ALVARADO, MDC Corrections
Officers; P. LAVILLA;
JUDY LUJAN; CHRISTINA
ROMERO, APD Officers; Two JANE
DOES, Corrections Medical Service
Nurses, all defendants in their
individual capacities,

      Defendants-Appellees.

No. 06-2336
(D.C. No. CIV-05-1067 WJ/LCS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata,

(continued...)

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Plaintiff Lafayette Stone appeals from an order dismissing several claims in this pro se prison civil rights action for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We affirm.

Plaintiff brought this action alleging he was (1) subjected to excessive force and then gratuitously beaten by correctional personnel and local police during and after a general disturbance at the Bernalillo County Metropolitan Detention Center (BCMDC) on March 5, 2003, and (2) thereafter denied adequate medical care. He named several BCMDC personnel, three police officers, and two nurses ("Jane Does") as defendants. The magistrate judge granted leave to proceed in forma pauperis, making it the court's duty "to serve process for the plaintiff [under] 28 U.S.C. § 1915(d)," *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). The judge directed the clerk to "issue summonses (notice and waiver forms) to [the] named Defendants," R. doc. 15, but these were returned by just seven BCMDC officers. This largely unsuccessful effort to effect service by waiver was the only means pursued under § 1915(d), and as a result the majority of the named defendants were never served.

[*](...continued)
and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The served defendants filed an answer to the complaint. They denied the factual allegations of wrongdoing and summarily asserted a host of affirmative defenses. None of the latter specifically referred to a failure to exhaust available remedies, though the answer did generally assert that "[t]his lawsuit is subject to and/or barred by the Prison Litigation Reform Act and/or its state law equivalent, NMSA § 33-2-11." R. doc. 26, at 4. The next day, the magistrate judge issued an order construing the answer as a motion to dismiss and setting a briefing schedule for the matter. R. doc. 27.

The served defendants did not submit a brief in support of dismissal, but instead moved for summary judgment on the grounds that (1) they had nothing to do with plaintiff's medical care at BCMDC, and (2) as to the incident on March 5, 2003, plaintiff had not pursued available administrative remedies as required under § 1997e(a). R. doc. 30. They attached a copy of BCMDC's inmate grievance procedure, an affidavit from BCMDC's records custodian, and copies of the many grievances plaintiff had filed at BCMDC, in support of their contention that plaintiff could have, but had not, filed a grievance with respect to the violence he now alleges occurred during the March 5, 2003 disturbance.

Plaintiff did not respond to the substance of the motion, but sought an extension of time "to seek counsel and to find witnesses." R. doc. 31. The magistrate judge granted a limited extension for responding to the motion. After the second deadline passed, plaintiff filed a request for copies of court documents

that he had lost and sought additional time for discovery and to respond to the summary judgment motion, citing practical difficulties relating to a prison transfer and his segregated confinement. R. doc. 34.

The next day, the magistrate judge issued a report and recommendation. The judge acknowledged defendants' summary judgment motion, but, in light of circuit precedent holding exhaustion to be part of a plaintiff's pleading burden, *see Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210-12 (10th Cir. 2003), *abrogated by Jones v. Bock*, 127 S. Ct. 910, 921-22 (2007), still treated the matter formally as one of dismissal. Nevertheless, the judge did not merely assess the pleadings, but considered the administrative materials submitted in support of defendants' motion. Noting that (1) all of plaintiff's grievances were directed at his medical treatment rather than the incident of March 5, 2003, and (2) the served defendants had nothing to do with plaintiff's medical care,[1] the judge recommended that all federal claims against the served defendants be dismissed for lack of exhaustion and supplemental jurisdiction be declined over any state law claims. R. doc. 35, at 4-6. Plaintiff filed objections to the recommendation and a (procedurally inapt) notice of appeal as well. The district court summarily adopted the recommendation and dismissed the case. Plaintiff did not file a second notice of appeal from the dismissal order.

---

[1] Medical care at BCMDC was handled by a private contractor and plaintiff did not allege that the defendant correctional officers in any way interfered with the care he was provided by the contractor's employees.

## Jurisdictional Complications

Defendants insist this appeal should be dismissed because plaintiff's notice of appeal relates to the magistrate judge's recommendation, and "appellate courts are without power to hear appeals directly from orders of federal magistrates." *Niehaus v. Kan. Bar Ass'n*, 793 F.2d 1159, 1165 (10th Cir. 1986), *superseded by statute on other grounds as stated in DeVargas v. Mason & Hanger-Silas Mason Co.*, 911 F.2d 1377 (10th Cir. 1990); *see Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006). We agree that appellate review of the district court's disposition of the case cannot be grounded on plaintiff's notice of appeal from the magistrate judge's recommendation.

But that is not the end of the matter. Other documents, if timely filed and substantially compliant with Fed. R. App. P. 3(a), may serve as substitute notices of appeal. *See Rodgers v. Wyo. Att'y Gen.*, 205 F.3d 1201, 1204 n.3 (10th Cir. 2000) (collecting cases), *overruled on other grounds as stated in Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001). In *Haney v. Addison*, 175 F.3d 1217 (10th Cir. 1999), this principle was applied to circumstances virtually identical to those present here: a pro se petitioner had filed a notice of appeal from an unfavorable magistrate judge recommendation and then, "instead of filing an amended notice of appeal [from the district court order adopting the recommendation], petitioner filed a pro se docketing statement with this court in connection with his earlier appeal." *Id.* at 1219. The docketing statement in the

instant case was filed within thirty days of the district court's order and identifies the appellant and the district court case from which appeal is taken. The appellees are not separately named on the statement itself, but their identities are reflected in the attachments. While–as in *Haney*–the materials were filed "in connection with [the] earlier appeal" from the magistrate judge's recommendation, in light of the district court's unqualified adoption of that recommendation there can be no realistic claim of prejudicial surprise or uncertainty regarding the subject of this appeal. Following *Haney*, we look to the docketing statement to "conclude that [plaintiff] filed a timely notice of appeal of the district court's final order, and therefore that we have jurisdiction under 28 U.S.C. § 1291." *Haney*, 175 F.3d at 1219.

One other potential jurisdictional impediment should be addressed briefly. Ordinarily, an order resolving fewer than all claims against all defendants is not final and hence not subject to appeal without the requisite certification under Fed. R. Civ. P. 54(b). *See, e.g.*, *Hutchinson v. Pfeil*, 105 F.3d 566, 569 (10th Cir. 1997). Here, however, the medical-care claims unresolved in the dismissal order under review involved defendants who had not been served. "These unserved defendants were never made parties to this lawsuit. It was not necessary for the district court to enter an order dismissing them prior to its entry of the order and judgment [from which appeal was taken]." *Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847 (10th Cir. 1986).

**Merits of Dismissal Order**

Following the disposition of this case, the Supreme Court clarified that exhaustion under § 1997e(a) is a matter of affirmative defense to be asserted and substantiated by the defendant rather than a threshold pleading requirement for the plaintiff, *see Jones*, 127 S. Ct. at 921, thereby abrogating the circuit precedent for dismissal on the pleadings specifically cited by the magistrate judge. But, as discussed above, this case was not dismissed simply because the pleadings failed to affirmatively demonstrate exhaustion. Defendants raised lack of exhaustion as an affirmative defense in their motion for summary judgment, submitting an affidavit and related documentation to support the motion and giving plaintiff an opportunity to address the issue. If the resulting evidentiary record was sufficient to establish as a matter of law that the claims in question had not been exhausted, dismissal would be proper under traditional summary-judgment principles, and *Jones'* rejection of special pleading requirements for exhaustion would be legally irrelevant.

The affidavit from the BCMDC records custodian states that plaintiff "did not file any grievance, and thus did not avail himself of and exhaust available administrative remedies per [the attached BCMDC inmate grievance policy], relative to the alleged incidents of excessive force that he claims were perpetrated upon him . . . on or about March 5, 2003." R. doc. 30, Ex. A at 2. Copies of the forty-six grievances from plaintiff, attached to the affidavit, *see id.*, Exs. A-02 to

A-47, bear out that statement. Unless controverted, this showing was sufficient to warrant dismissal of the claims against the served defendants.

In his opening brief on appeal, plaintiff insisted he could have proved exhaustion if allowed to obtain paperwork from a lawyer he had at one time retained to pursue this lawsuit. He later submitted a follow-up letter attaching documents he claims satisfy the exhaustion requirement: a contingency fee agreement to retain the aforementioned attorney; two documents, from a different law firm, relating to an ongoing class action over conditions at BCMDC; and a handwritten "Letter of Intent to File Civil Suit" dated October 20, 2003, which plaintiff states he mailed to the parties in this case. Letter filed May 14, 2007, Exs. A to D. Not one of these documents is a BCMDC grievance, *see* R. doc. 30, Ex. A-01, a fact that should be clear to someone who has filed nearly fifty such grievances.

Plaintiff also argues that he was not, in any event, required to exhaust his administrative remedies because he had retained an attorney to file this case and therefore did not fall within the compass of the PLRA. This is an odd argument, in that he ultimately did file pro se. In any event, there is no qualification that a prisoner proceed pro se, or in forma pauperis for that matter, in order to trigger the exhaustion requirement of § 1997e(a); the statute unqualifiedly directs that "*[n]o action* shall be brought with respect to prison conditions . . . *by a prisoner*

confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted."  (Emphasis added.)

Plaintiff also appears to argue that the need to recover lost paperwork provided good cause for his failure to timely respond to defendants' motion for summary judgment.  The point is immaterial.  The magistrate judge did not rely on this procedural omission but resolved defendants' motion on its legal merit. *See* R. doc. 35, at 4.  Moreover, as noted above, the documentation plaintiff claims demonstrates exhaustion clearly does not–leaving defendants' otherwise legally conclusive evidence on the issue uncontroverted.  Finally, construing plaintiff's request for an extension of time to oppose summary judgment as a motion under Fed. R. Civ. P. 56(f), and overlooking the lack of the formal affidavit required under that rule, *see DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) (noting affidavit requirement and holding pro se party must follow procedures governing Rule 56(f) motions), plaintiff's perfunctory and generic assertion that he "need[ed] more discovery," R. doc. 34, fell far short of the substantive requirements of the rule.  *See Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 n.7 (10tth Cir. 1992) (holding Rule 56(f) not satisfied by "[m]erely stating that more discovery is needed"); *see also Trask v. Franco*, 446 F.3d 1036, 1041-42 (10th Cir. 2006) (discussing requisite substance and specificity of Rule 56(f) affidavit).  He did not specify what evidence he could obtain that would save his claims against defendants; indeed, as noted

above, the evidence in defendants' possession (as well as evidence plaintiff has submitted from other sources) affirmatively undercuts those claims.

The served defendants' summary judgment motion seeking dismissal, on exhaustion grounds, of all claims in which they were implicated was substantively and procedurally valid. While the district court formally framed its disposition as one under Fed. R. Civ. P. 12(b), that disposition was in practical effect one under Rule 56 and may be upheld as such in light of our authority to "affirm on any legal ground supported by the record." *Grantham v. Ohio Cas. Co.*, 97 F.3d 434, 435 (10th Cir. 1996).

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith. Appellant's motion to proceed without prepayment of costs and fees is granted. Appellant is reminded to continue make partial payments until the fee is paid in full.

Entered for the Court


Bobby R. Baldock
Circuit Judge
