**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1607**

_____

JOHN STRITZINGER,

              Plaintiff - Appellant,

     v.

UNITED STATES OFFICE OF THE GENERAL SERVICES ADMINISTRATION;
EXECUTIVE OFFICE OF THE PRESIDENT OF THE UNITED STATES;
VERIZON BUSINESS ENTERPRISE SERVICES, d/b/a MCI
Communications Services, Inc.; MR. DAN TANGHERLINI, in his
role as the former head of the GSA; MS. KATHERINE RUEMELLER,
in her role as White House Counsel; DENISE TURNER ROTH;
WARREN NEIL EGGLESTON; SUSAN ZELENIAK; BRIAN KENNEDY; DR.
PETER TIPPETT; NICOLA PALMER; JOSEPH BIDEN; JACOB LEW,

              Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Paige Jones Gossett, Magistrate
Judge.  (3:15-cv-02978-TLW)

_____

Submitted:  September 30, 2016     Decided:  October 5, 2016

_____

Before GREGORY, Chief Judge, and WILKINSON and DIAZ, Circuit
Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

John Stritzinger, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John S. Stritzinger seeks to appeal the magistrate judge's report recommending that his civil action be dismissed without prejudice. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). The magistrate judge's report and recommendation Stritzinger seeks to appeal is neither a final order nor an appealable interlocutory or collateral order.* Haney v. Addison, 175 F.3d 1217, 1219 (10th Cir. 1999). Accordingly, we dismiss the appeal for lack of jurisdiction and deny Stritzinger's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented

---

* Although the district court adopted the magistrate judge's report before we considered this appeal, the doctrine of cumulative finality does not cure the jurisdictional defect. Equip. Fin. Grp. v. Traverse Comput. Brokers, 973 F.2d 345, 347-48 (4th Cir. 1992) (holding that doctrine of cumulative finality only applies where order appealed from could have been certified under Fed. R. Civ. P. 54(b)); see In re Bryson, 406 F.3d 284, 288 (4th Cir. 2005) (noting that "a premature notice of appeal from a clearly interlocutory decision" cannot be saved under the doctrine of cumulative finality (internal quotation marks omitted)).

in the materials before this court and argument would not aid the decisional process.

DISMISSED