ALUMINUM COMPANY OF AMERICA,
BADIN WORKS, BADIN, NORTH
CAROLINA, Appellant,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, Appellee.

No. 80–1599.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 2, 1981.

Decided Oct. 29, 1981.

Charles T. Newton, Jr., Houston, Tex. (Norman D. Radford, Jr., Charles W. Schwartz, Houston, Tex., George Hanna, Moore & Van Allen, Charlotte, N. C., R. L. Holz, Judith A. Lytle, Pittsburgh, Pa., Vinson & Elkins, Houston, Tex., on brief), for appellant.

Judson W. Starr, Dept. of Justice, Washington, D. C. (Christopher Herman, Environmental Protection Agency, Angus C. Macbeth, Acting Asst. Atty. Gen., Washington, D. C., H. M. Michaux, Jr., U. S. Atty., Durham, N. C., on brief), for appellee.

Before MURNAGHAN and SPROUSE, Circuit Judges, and WILLIAMS,* District Judge.

RICHARD L. WILLIAMS, District Judge.

## I. INTRODUCTION

The Aluminum Company of America ("Alcoa") has appealed an order of the district court denying Alcoa's Motion to Quash

---

\* The Hon. Richard L. Williams, United States District Judge for the Eastern District of Virginia, sitting by designation.

an Administrative Search Warrant obtained and executed by the Environmental Protection Agency to search Alcoa's Badin Works, Badin, North Carolina. The district judge referred Alcoa's motion to the United States magistrate, who filed proposed Findings of Fact and Conclusions of Law denying the motion. Upon appeal to the district court, these proposals were affirmed as being not clearly erroneous or contrary to law and Alcoa pursued this appeal.

## II. FACTS

In March, 1980, officials with the Environmental Protection Agency contacted Alcoa to arrange a time for the EPA to inspect Alcoa's Badin Works to determine whether the facility was in compliance with the provisions of the Clean Air Act, 42 U.S.C. § 7401, et seq. · The parties apparently settled upon March 25, 1980 for the inspection, but, in doing so, Alcoa informed the EPA that entry would be denied any independent contractors hired by EPA to help with the inspection. Alcoa takes the position that § 114(a)(2) of the Act, 42 U.S.C. § 7414(a)(2) [1] does not allow the EPA to hire private independent contractors to aid the Agency in conducting a compliance inspection. It is Alcoa's claim that such independent contractors are not authorized representatives as that phrase is used in the Act.

Because of Alcoa's position the EPA asked for and received an ex parte administrative search warrant from the United States magistrate. The warrant specifically authorized the EPA's authorized consultant-representatives to conduct an inspection.

EPA officials, accompanied by employees of PEDCo Environmental, Inc. ("PEDCo"), a private consultant concern, and a deputy United States marshal, went to the Badin Works on March 25, 1980. Upon arrival, Alcoa's employees apparently objected to the use of the PEDCo employees and said that Alcoa's lawyers were in the process of quashing the warrant. Despite this, however, the inspection took place after the marshal indicated that he would force compliance with the warrant if need be.

Alcoa's "Motion to Quash Warrant" [2] was filed March 31, 1980, after the inspection was complete but before the return of the warrant. Without a hearing the magistrate on July 9, 1980, found that the issues raised in the motion were moot, that Alcoa had waived its right to contest the warrant, and that PEDCo's employees were authorized representatives under § 114 of the Act.

---

1. This section in pertinent part provides that for certain specified purposes:

   The Administrator or his authorized representative, upon presentation of his credentials—

   (A) shall have a right of entry to, upon, or through any premises of such person or in which any records required to be maintained under paragraph (1) of this section are located, and

   (B) may at reasonable times have access to and copy any record, inspect any monitoring equipment or method required under paragraph (1) and sample any emissions which such person is required to sample under paragraph (1).

2. Although labeled "Motion to Quash Warrant," it is clear from the prayer for relief contained in Alcoa's pleading that it was asking for more than for the warrant to be quashed. Specifically, the pleading asked for an order

   "(1) Quashing the warrant entered on March 24, 1980;

(2) Determining that employees of PEDCo Environmental, Inc. are not authorized representatives of the EPA Administrator within the meaning of § 114 of the Clean Air Act, 42 U.S.C. § 7414 and are therefore not authorized to enter to inspect Alcoa's premises;

(3) Prohibiting PEDCo Environmental, Inc. and its employees from disclosing or publishing any information obtained during the course or as a result of the entry and inspection of Alcoa's premises;

(4) Prohibiting EPA from receiving or using any information obtained by PEDCo Environmental, Inc. and its employees during the course of or as a result of the entry and inspection of Alcoa's premises;

(5) Directing that samples, data, sketches, notes, photographs, analyses, diagrams, copies, inventories, lists and all other observations, information or evidence obtained by PEDCo Environmental, Inc. or its employees during the course of or as a result of entry and inspection of Alcoa's premises be suppressed and returned to Alcoa...."

Alcoa appealed the magistrate's conclusions to the district judge, asking for a review pursuant to 28 U.S.C. § 636(b)(1) and a hearing. No hearing was held and on August 5, 1980, the judge issued an order affirming the magistrate's rulings since it was "not clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A)."

## III. DISCUSSION

Alcoa has appealed to this court and presented as issues to be decided on this appeal:

1. Whether the district court erred in affirming a magistrate's report under the clearly erroneous standard of 28 U.S.C. § 636(b)(1)(A) rather than making a de novo determination as required by 28 U.S.C. § 636(b)(1)(C).

2. Whether the issues raised by Alcoa's motion are moot.

3. Whether § 114 of the Clean Air Act allows the EPA to appoint private contractors as authorized representatives to perform compliance inspections.

This court will address the first issue for if we find that the district court did err by applying the incorrect standard of review to the magistrate's report, then a remand to the district court is appropriate and the other issues need not be addressed.

We agree with Alcoa that the district judge failed to review the magistrate's proposed Findings of Fact and Conclusions of Law properly, and the case should be remanded for a de novo determination in accordance with 28 U.S.C. § 636(b)(1)(C).

There is nothing in the record to inform this court of the authority relied on by the district court in referring the motion to the magistrate. Clearly the parties did not consent to the magistrate's jurisdiction under 28 U.S.C. § 636(c)(1).[3] Under 28 U.S.C. § 636(b)(1)(A)[4] a judge may have a magistrate decide any "pretrial matter" except certain specified motions. These exceptions are motions which Congress considered to be "dispositive." See, House Report No. 94–1609, P.L. 94–577, reprinted at [1976] U.S. Code Cong. & Ad.News 6162; see also, United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Because under § 636(b)(1)(A) the magistrate will not be disposing of the entire case, Congress provided that the judge need only determine if the magistrate's order is "clearly erroneous or contrary to law."

The judge could not have referred Alcoa's motion, therefore, under § 636(b)(1)(A). The motion was not a "pretrial matter" but set forth all of the relief requested.[5] The magistrate certainly treated it as dispositive.

Therefore, the judge had to refer the motion under § 636(b)(1)(B)[6] or

---

3. 28 U.S.C. § 636(c)(1) provides that notwithstanding any provision of law to the contrary—
(1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case, when specifically designated to exercise such jurisdiction by the district court or courts he serves....

4. 28 U.S.C. § 636(b)(1)(A) provides:
Notwithstanding any provision of law to the contrary—
(A) A judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

5. See footnote 2.

6. 28 U.S.C. § 636(b)(1)(B) provides:
A judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for post-trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

§ 636(b)(3).[7] Under either, the judge is obligated to review the magistrate's order by giving the parties a "*de novo* determination."[8] A "*de novo* determination" is not specifically defined in the Act, but the legislative history makes clear that it does not necessarily mean a *de novo* hearing. House Report No. 94–1609, P.L. 94–577, *reprinted at* [1976] U.S. Code Cong. & Ad.News 6162. Rather, the judge is to make "his own determination on the basis of [the] . . . record [developed before the magistrate], without being bound to adopt the findings and conclusions of the Magistrate." *Id.* The Supreme Court has interpreted this legislative history and has written that in using the phrase "*de novo* determination" "Congress intended to permit whatever reliance a District Judge, in the exercise of sound judicial discretion, chose to place on a Magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980).

The district judge in the case at bar applied a "clearly erroneous or contrary to law" standard of review. Although this standard is not necessarily inconsistent with the requirements of a *de novo* determination, the district judge did not clearly indicate that he afforded the parties a *de novo* determination. In order to satisfy the Act, he must do so.

For this reason, we remand this case to the district court for a *de novo* determination without reaching the other issues presented with this appeal.

REMANDED WITH INSTRUCTIONS.

7. 28 U.S.C. § 636(b)(3) provides:

   A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States

8. If the reference to the magistrate was under § 637(b)(1)(B), then a *de novo* determination is required by § 636(b)(1)(C). However, no specific standard of review is listed in the Act for a

reference under § 636(b)(3), *but see United States v. Miller*, 609 F.2d 336 (8th Cir. 1979), which indicates that a *de novo* determination is required under § 636(b)(3). Furthermore, given the legislative intent that dispositive motions are to be reviewed by a *de novo* determination, we hold that if a dispositive matter is referred to a magistrate under § 636(b)(3), a *de novo* determination is required.