831 F.2d 1058
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arthur WILLIAMS, Sr., Plaintiff-Appellant,
v.
James VARNER, Jennifer Langley, Jack V. Turlingerton,
Stanley Ward, Defendants- Appellees.
 No. 87-7577.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 13, 1987.
Decided Oct. 23, 1987.
 
 Arthur Williams, Sr., appellant pro se.
 Tiare Bowe Smiley, Office of Attorney General, for appellees.
 Before SPROUSE, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Arthur Williams, Sr. appeals from the judgment of the district court granting summary judgment in favor of defendants in this civil rights action brought pursuant to 42 U.S.C. Sec. 1983. in his complaint Williams sought compensatory and punitive damages from employees of the North Carolina Department of Correction, Division of Prisons based upon alleged constitutional violations incident to his transfer out of the Pender County Prison Unit.
 
 Specifically, Williams contends that:
 
 2
 (1) His transfer from the Pender County Unit to the Wayne County Correctional Center extended the distance between his place of confinement and his family's residence, thereby making it more difficult for his family to visit him.
 
 
 3
 (2) The Wayne County Correctional Center and the Eastern Correctional Unit offered him little or no opportunity for work, thereby depriving him of "gain time" credits which would reduce the duration of his incarceration.
 
 
 4
 (3) Defendant Ward, as a member of the Pender County Prison Unit Committee, recommended plaintiff's transfer in retaliation for Williams' filing of a grievance with the Inmate Grievance Commission in January 1985, and a Sec. 1983 medical treatment action in February 1985.
 
 
 5
 The district court construed Williams' "family visitation" claim as asserting an Eighth Amendment cruel and unusual punishment claim, and construed the "gain time" and "retaliatory transfer" claims as being based upon Fourteenth Amendment due process concerns. The court found that the family visitation claim did not rise to an Eighth Amendment violation. In regard to the gain time claim, the court found that there was no evidence that defendants arbitrarily or capriciously denied Williams work assignments, or that they had any control over Williams' work assignments. The court granted summary judgment in favor of defendants on the visitation and gain time claims. We agree that summary judgment was appropriate on these two claims and affirm on the reasoning of the district court. Williams v. Varner, C/A No. 85-1441-CRT (E.D.N.C. Aug. 28, 1986).
 
 
 6
 The district court, however, denied defendants' motion for summary judgment on the retaliatory transfer claim. The court concluded that this claim presented a genuine issue of fact making disposition by summary judgment inappropriate.
 
 
 7
 On February 5, 1987, the magistrate to whom the case had been referred for report and recommendation pursuant to 28 U.S.C. Sec. 636 recommended that summary judgment be granted in favor of defendants on the retaliatory transfer claim. Williams filed timely objections to the report but the district court seemingly adopted the magistrate's report without reference to Williams' submission. This was error. See Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982); Aluminum Co. of America, Badin Works v. United States Environmental Protection Agency, 663 F.2d 499, 502 (4th Cir. 1981) (where district judge did not clearly indicate in his ruling that he afforded party filing timely objections de novo determination, matter would be remanded for de novo review).
 
 
 8
 We vacate and remand so that the district court can consider Williams' objections to the magistrate's report and recommendation. We dispense with oral argument as the dispositive issues have recently been authoritatively decided.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.