833 F.2d 310
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Zebedee MILBY, Petitioner-Appellant,
v.
Jim G. Bullock, Attorney General of North Carolina,
Respondents-Appellees.
 No. 87-7616.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1987.
Decided Oct. 30, 1987.
 
 Zebedee Milby, appellant pro se.
 Richard Norwood League, Office of Attorney General of North Carolina, for appellees.
 Before K.K. HALL, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Zebedee Milby, a North Carolina inmate, appeals the judgment of the district court dismissing this, his fourth petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. In the petition, Milby challenges his 1979 conviction for armed robbery in a North Carolina state court on two grounds. First, Milby claims various state and federal constitutional violations stemming from the trial court's failure to issue limiting instructions concerning two handguns admitted into evidence at Milby's trial. Milby asserts that use of the guns as "substantive" evidence should have been limited to the prosecution of Milby's co-defendant at trial. Milby also claims that he was denied effective assistance of counsel at his trial relative to the admission of the guns in evidence.
 
 
 2
 The district court referred the case to a magistrate, who ordered Milby to file a response indicating why the petition should not be dismissed as successive, as an abuse of the writ, or both. After Milby filed a response, the magistrate filed a report recommending that the petition be dismissed. Milby timely filed objections to the magistrate's report. The district court entered an order adopting the magistrate's report and dismissing the petition. However, the court failed to mention Milby's objections to the magistrate's report or indicate whether a de novo review had been conducted.
 
 
 3
 The district court's failure clearly to indicate that the court conducted a de novo review in response to Milby's objections to the magistrate's report necessitates remand. See 28 U.S.C. Sec. 636(b)(1); Orpiano v. Johnson, 687 F.2d 44 (4th Cir.1982); Aluminum Co. of America v. United States Environmental Protection Agency, 663 F.2d 499, 502 (4th Cir.1981). We therefore vacate the district court's order and remand for a de novo review of the record or an indication that the court conducted such a review in response to Milby's objections. Because the dispositive issue has recently been decided authoritatively, we dispense with oral argument.
 
 
 4
 VACATED AND REMANDED.