**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-1258**

---

VENUS SPRINGS,

              Plaintiff - Appellant,

       v.

ALLY FINANCIAL, INC., f/k/a GMAC Inc.; AMY BOUQUE; KATHLEEN
PATTERSON; YEQUIANG HE, a/k/a Bill He; CYNTHIA DAUTRICH,

              Defendants - Appellees.

---

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Max O. Cogburn, Jr.,
District Judge.  (3:10-cv-00311-MOC-DCK)

---

Submitted:  July 25, 2012              Decided:  August 30, 2012

---

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Venus Springs, SPRINGS LAW FIRM, PLLC, Charlotte, North
Carolina, for Appellant.  Richard S. McAtee, Nicola A. L. Prall,
JACKSON LEWIS, LLP, Cary, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On appeal, Venus Springs (Plaintiff) challenges the district court's grant of summary judgment in favor of her former employer, Ally Financial, Inc. (Defendant), with respect to her claims alleging Defendant terminated her because of her race in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and North Carolina common law. Additionally, Plaintiff challenges the district court's grant of summary judgment in favor of Defendant with respect to her claims alleging Defendant terminated her in retaliation for engaging in protected activity in violation of § 1981, Title VII, and the public policy announced by the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2. Moreover, Plaintiff challenges the district court's grant of a protective order in favor of Defendant, preventing Plaintiff from requiring Defendant's Rule 30(b)(6)[1] witnesses from being deposed away from Defendant's principal place of business in Detroit, Michigan. Having carefully reviewed the briefs, the record, and the relevant law, we conclude that each of these challenges is without merit and affirm the judgment below on the reasoning of the district court as stated in its January 30,

---

[1] See Federal Rule of Civil Procedure 30(b)(6)(governing notice of a deposition to an organization).

2012 order.[2]  <u>Springs v. Ally Financial, Inc.</u>, 2012 WL 260661 (W.D.N.C. January 30, 2012) (slip copy).

Finally, Plaintiff argues the district court erred by failing to address her claims alleging Defendant engaged in post-employment retaliation against her in violation of Title VII, § 1981, and the public policy announced by the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.2. Plaintiff's argument is without merit because the record below, including the operative complaint and Plaintiff's submissions at the summary judgment stage, conclusively establishes that Plaintiff did not fairly present any post-employment retaliation claims to the district court for resolution. We refuse to permit Plaintiff now to sandbag the district court in this manner.

---

[2] Although Plaintiff names Amy Bouque, Kathleen Patterson, Yequiang He, and Cynthia Dautrich as additional appellees, Plaintiff presents no argument in her opening appellate brief challenging the district court's dispositions of her respective claims against these individuals below. We, therefore, deem any such challenges abandoned on appeal. See <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 607 (4th Cir. 2009) ("Federal Rule of Appellate Procedure 28(a)(9)(A) requires that the argument section of an appellant's opening brief must contain the 'appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.' Because Wahi has failed to comply with the specific dictates of Rule 28(a)(9)(A), we conclude that he has waived his claims . . . ."), <u>cert. denied</u>, 130 S. Ct. 1140 (2010).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>