**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2290**

MASSTER YEWSEFTH, I,

        Plaintiff - Appellant,

    v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security
Administration,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Robert J. Krask, Magistrate
Judge.  (2:14-cv-00531-RAJ-RJK)

Submitted:  March 11, 2016         Decided:  March 29, 2016

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Masster Yewsefth, I, Appellant Pro Se.  George Maralan Kelley,
III, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Masster Yewsefth, I, seeks to appeal the magistrate judge's report recommending that the district court affirm the Commissioner's denial of Yewsefth's claims for disability insurance benefits and supplemental security income. The district court referred Yewsefth's case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended affirming the Commissioner's decision and advised Yewsefth that failure to file timely objections to this recommendation would waive appellate review of a district court order based upon the recommendation. Instead of filing objections, Yewsefth filed an appeal. The district court thereafter accepted the magistrate judge's recommendation; however, Yewsefth failed to file an amended notice of appeal.

We may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders. 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). "Absent both designation by the district court and consent of the parties" pursuant to 28 U.S.C. § 636(c) (2012), a magistrate judge's report and recommendation is neither a final order nor an appealable interlocutory or collateral order. Haney v. Addison, 175 F.3d 1217, 1219 (10th Cir. 1999); see Aluminum Co. of Am. v. U.S. Envtl. Prot. Agency, 663 F.2d 499, 501-02 (4th

2

Cir. 1981) (holding that, when district court specifically refers dispositive matter to magistrate judge under § 636(b)(1)(B), district court obligated to conduct de novo determination of magistrate judge's order).

When a notice of appeal is premature, the jurisdictional defect can be cured under the doctrine of cumulative finality if the district court enters a final judgment prior to our consideration of the appeal. Equip. Fin. Group v. Traverse Comput. Brokers, 973 F.2d 345, 347-48 (4th Cir. 1992). However, not all premature notices of appeal are subject to the cumulative finality rule; instead, this doctrine applies only if the appellant appeals from an order that the district court could have certified for immediate appeal under Fed. R. Civ. P. 54(b). In re Bryson, 406 F.3d 284, 287-89 (4th Cir. 2005). A district court may certify an order for immediate appeal under Rule 54(b) if the order is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. Gen. Elec., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck v. Mackey, 351 U.S. 427, 436 (1956)).

"[A] premature notice of appeal from a clearly interlocutory decision" cannot be saved under the doctrine of cumulative finality. Bryson, 406 F.3d at 288 (internal quotation marks omitted); see also FirsTier Mortg. v. Inv'rs

3

Mortg. Ins., 498 U.S. 269, 276 (1991) (notice of appeal from clearly interlocutory decision cannot serve as notice of appeal from final judgment). Because the magistrate judge's recommendation was interlocutory and could not have been certified under Rule 54(b), the doctrine of cumulative finality does not apply here. Thus, we dismiss Yewsefth's appeal of the magistrate judge's report and recommendation for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED