**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6086**
_____

CHARLES W. TURNER, SR.,

Petitioner – Appellant,

v.

FRANK PERRY,

Respondent - Appellee.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. L. Patrick Auld, Magistrate Judge. (1:15-cv-00361-LCB-LPA)

_____

Submitted: May 26, 2016                    Decided: June 1, 2016

_____

Before TRAXLER, Chief Judge, and NIEMEYER and FLOYD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Charles W. Turner, Sr., Appellant Pro Se. Clarence Joe DelForge, III, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Turner, Sr., seeks to appeal the magistrate judge's report recommending that the district court deny Turner's 28 U.S.C. § 2254 (2012) petition. The district court referred Turner's case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended the court deny the petition and advised Turner that failure to file timely objections to this recommendation would waive appellate review of a district court order based upon the recommendation. On the same day that he filed timely objections, Turner noted an appeal of the recommendation. The district court thereafter accepted the magistrate judge's recommendation; however, Turner failed to file an amended notice of appeal or supplemental informal brief.

We may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders. 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-46 (1949). "Absent both designation by the district court and consent of the parties" pursuant to 28 U.S.C. § 636(c) (2012), a magistrate judge's report and recommendation is neither a final order nor an appealable interlocutory or collateral order. Haney v. Addison, 175 F.3d 1217, 1219 (10th Cir. 1999); see Aluminum Co. of Am. v. U.S. Envtl. Prot. Agency, 663 F.2d 499,

2

501-02 (4th Cir. 1981) (holding that, when a district court specifically refers a dispositive matter to a magistrate judge under § 636(b)(1)(B), the district court is obligated to conduct a de novo determination of the magistrate judge's order).

When a notice of appeal is premature, the jurisdictional defect can be cured under the doctrine of cumulative finality if the district court enters a final judgment prior to our consideration of the appeal. Equip. Fin. Group, Inc. v. Traverse Comput. Brokers, 973 F.2d 345, 347-48 (4th Cir. 1992). However, not all premature notices of appeal are subject to the cumulative finality rule; instead, this doctrine applies only if the appellant appeals from an order that the district court could have certified for immediate appeal under Fed. R. Civ. P. 54(b). In re Bryson, 406 F.3d 284, 287-89 (4th Cir. 2005). A district court may certify an order for immediate appeal under Rule 54(b) if the order is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).

"[A] premature notice of appeal from a clearly interlocutory decision" cannot be saved under the doctrine of cumulative finality. Bryson, 406 F.3d at 288 (internal quotation marks omitted); see also FirsTier Mortg. Co. v. Inv'rs

<u>Mortg. Ins. Co.</u>, 498 U.S. 269, 276 (1991) (notice of appeal from a clearly interlocutory decision cannot serve as a notice of appeal from final judgment). Because the magistrate judge's recommendation was interlocutory and could not have been certified under Rule 54(b), the doctrine of cumulative finality does not apply here. Thus, we dismiss Turner's appeal of the magistrate judge's report and recommendation for lack of jurisdiction. We deny Turner's motions for appointment of counsel and suspension of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>