**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1244**

VENUS YVETTE SPRINGS,

              Plaintiff - Appellant,

      v.

ALLY FINANCIAL INCORPORATED, f/k/a GMAC Incorporated; AMY BOUQUE,

              Defendants - Appellees,

      and

KATHLEEN PATTERSON; YEQUIANG HE, a/k/a Bill He; CYNTHIA DAUTRICH,

              Defendants.

**No. 15-1888**

VENUS YVETTE SPRINGS,

              Plaintiff - Appellant,

      v.

ALLY FINANCIAL INCORPORATED, f/k/a GMAC Incorporated; AMY BOUQUE,

              Defendants - Appellees,

      and

KATHLEEN PATTERSON; YEQUIANG HE, a/k/a Bill He; CYNTHIA DAUTRICH,

                    Defendants.

─────────────────

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cv-00311-MOC-DCK)

─────────────────

Submitted: July 7, 2016                    Decided: July 26, 2016

─────────────────

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

─────────────────

No. 15-1244 remanded; No. 15-1888 vacated by unpublished per curiam opinion.

─────────────────

Herman Kaufman, HERMAN KAUFMAN, ESQ., Old Greenwich, Connecticut, for Appellant. Venus Yvette Springs, SPRINGS LAW FIRM PLLC, Charlotte, North Carolina, Appellant Pro Se. Kirk Gibson Warner, Clifton L. Brinson, SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP, Raleigh, North Carolina, for Appellees.

─────────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Venus Yvette Springs appeals the district court's order affirming the magistrate judge's order modifying a prior protective order (No. 15-1244) and the court's order denying in part the motion for sanctions filed by Ally Financial, Inc., and Amy Bouque (collectively, "Defendants") and requiring Springs to comply with the protective order (No. 15-1888). The parties raise several jurisdictional challenges on appeal. We remand to the district court for further proceedings in No. 15-1244 and vacate the order in No. 15-1888.

I.

Defendants first argue that we lack jurisdiction over these appeals. We may exercise jurisdiction over only final decisions and certain interlocutory and collateral orders. 28 U.S.C. §§ 1291, 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949). "A final decision is typically one by which a district court disassociates itself from a case," Mohawk Indus. v. Carpenter, 558 U.S. 100, 106 (2009) (alteration and internal quotation marks omitted), and "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Dig. Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994) (internal quotation marks omitted). We conclude that the district court's orders are final, appealable orders

3

for purposes of § 1291. Thomas v. Blue Cross & Blue Shield Ass'n, 594 F.3d 823, 829 (11th Cir. 2010); Solis v. Current Dev. Corp., 557 F.3d 772, 776 (7th Cir. 2009).

## II.

Springs challenges the district court's subject matter jurisdiction to consider Defendants' motions for a protective order and for sanctions. We review de novo a district court's determination of its subject matter jurisdiction. Barlow v. Colgate Palmolive Co., 772 F.3d 1001, 1007 (4th Cir. 2014) (en banc).

Springs argues that Defendants' motion did not present an Article III case or controversy. The Supreme Court, however, has rejected the argument that the district court must have an Article III case or controversy before it in order to consider collateral issues. Willy v. Coastal Corp., 503 U.S. 131, 135-36 (1992). Because an order on a collateral issue "implicates no constitutional concern[,] . . . it does not signify a district court's assessment of the legal merits of the complaint" and, "therefore[,] does not raise the issue of a district court adjudicating the merits of a case or controversy over which it lacks jurisdiction." Id. at 138 (internal quotation marks omitted).

Springs next contends that the motion for a protective order was not a proper collateral issue and, therefore, that the

4

district court lacked ancillary jurisdiction. "It is well established that a federal court may consider collateral issues after an action is no longer pending." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). Proper collateral issues "are independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree." Id. at 395 (alteration and internal quotation marks omitted).

We conclude that the district court had jurisdiction to consider Defendants' postjudgment request for a protective order. Like disputes over attorney's fees, costs, and sanctions under Rule 11 of the Federal Rules of Civil Procedure, see id. at 396, adjudicating Defendants' request for a postjudgment protective order for materials gained during discovery in the underlying litigation does not require that the district court delve into the merits of the closed litigation. Moreover, Defendants' request clearly arises from—and is related to—the underlying litigation; but for discovery on the merits of Springs' ultimately unsuccessful claims, Springs would not have deposed Bouque nor had possession of the video of Borque's deposition to later post on the internet.

Springs argues that her notice of appeal in No. 15-1244 divested the district court of jurisdiction to enter the sanctions order at issue in No. 15-1888. "Generally, a timely

5

filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014). "'Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment.'" City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 394 (6th Cir. 2007) (quoting NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir. 1987)). We conclude that the district court therefore had jurisdiction to order Springs to comply with the original protective order.

                              III.

Springs contends that a third party's public dissemination of the video rendered moot Defendants' request for a protective order. The Constitution limits the jurisdiction of federal courts to the adjudication of actual cases or controversies. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (per curiam). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). "A case becomes moot, however, only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however

small, in the outcome of the litigation, the case is not moot." Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016) (citations and internal quotation marks omitted).

We conclude that the request was not moot. While the district court could not order the third party to remove the video, the court could provide some remedy to Defendants by ordering Springs to use the videos only for purposes of the litigation, thereby preventing her from using the deposition to create new videos to post on the internet.

IV.

Finally, Springs challenges the magistrate judge's authority to enter an order—rather than a recommendation—on Defendants' postjudgment motion for a protective order. The Federal Magistrates Act, 18 U.S.C. §§ 3401-3402 (2012), 28 U.S.C. §§ 631-639 (2012), "delineates and circumscribes the scope of magistrate judges' authority. In doing so, the Act explicitly grants magistrate judges a number of specific powers, . . . [including] the authority 'to hear and determine any pretrial matter pending before the court, except' for eight enumerated dispositive motions." United States v. Benton, 523 F.3d 424, 429-30 (4th Cir. 2008) (quoting 28 U.S.C. § 636(b)(1)(A)). A district court reviews such determination for clear error. 28 U.S.C. § 636(b)(1)(A). "A magistrate judge [also] may be assigned such additional duties as are not

inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Unlike a matter referred under § 636(b)(1)(A), review by the district court of a magistrate judge's discharge of duties under § 636(b)(3) is de novo. In re Application of the U.S. of Am. for an Order Pursuant to 18 U.S.C. Section 2703(D) ("In re Application"), 707 F.3d 283, 289 (4th Cir. 2013). In the absence of consent by the parties, a magistrate judge lacks authority to enter a final order disposing of the merits of a claim. Fed. R. Civ. P. 72; Aluminum Co. of Am. v. U.S. Envtl. Prot. Agency, 663 F.2d 499, 501 (4th Cir. 1981).

Generally, a district court refers pretrial discovery to a magistrate judge under § 636(b)(1)(A) and reviews discovery orders for clear error. See 28 U.S.C. § 636(b)(1)(A); Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir. 1988) ("Discovery is clearly a pretrial matter [under § 636(b)(1)(A].")). Here, however, Defendants filed the motion for a protective order after judgment was entered—not as part of ongoing discovery in an open case. Neither the Federal Magistrates Act nor the Federal Rules of Civil Procedure address whether a magistrate judge has authority to adjudicate postjudgment motions.

We conclude that the magistrate judge lacked authority to enter an order on Defendants' motion for a protective order. A

8

magistrate judge may not decide, postjudgment, a motion that would be a proper pretrial motion under § 636(b)(1)(A) because "resolution of such motions is dispositive of a claim." Massey v. City of Ferndale, 7 F.3d 506, 510 (6th Cir. 1993); see Rajaratnam v. Moyer, 47 F.3d 922, 924 (7th Cir. 1995); Aluminum Co. of Am., 663 F.2d at 501 (holding that motion to quash subpoena "was not a 'pretrial matter' but set forth all of the relief requested"). Therefore, the district court was required to provide de novo review; its order makes clear, however, that it reviewed only for clear error. In re Application, 707 F.3d at 289; Aluminum Co. of Am., 663 F.2d at 501-02. "Although this standard is not necessarily inconsistent with the requirements of a de novo determination, the district judge did not clearly indicate that he afforded the parties a de novo determination. In order to satisfy the [Federal Magistrates] Act, he must do so." Aluminum Co. of Am., 663 F.2d at 502.

## V.

Accordingly, we remand the order in No. 15-1244 for a de novo review of the magistrate judge's order. Because the order in No. 15-1888 depends on the existence of the protective order, we vacate the portion of the sanctions order requiring Springs to comply with the protective order. We dispense with oral argument because the facts and legal contentions are adequately

9

presented in the materials before this court and argument would not aid the decisional process.

No. 15-1244 <u>REMANDED</u>;<br>
No. 15-1888 <u>VACATED</u>
