**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-2146**

---

VENUS YVETTE SPRINGS, a/k/a Yvette Springs,

       Plaintiff - Appellant,

    v.

ALLY FINANCIAL INCORPORATED, f/k/a GMAC Incorporated; AMY BOUQUE,

       Defendants – Appellees,

    and

KATHLEEN PATTERSON; YEQUIANG HE, a/k/a Bill He; CYNTHIA DAUTRICH,

       Defendants.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:10-cv-00311-MOC-DCK)

---

Submitted: March 28, 2017      Decided: April 10, 2017

---

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Herman Kaufman, HERMAN KAUFMAN, ESQ., Old Greenwich, Connecticut; Venus Yvette Springs, SPRINGS LAW FIRM PLLC, Charlotte, North Carolina, for Appellant. Kirk G. Warner, Clifton L. Brinson, SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL &

JERNIGAN, LLP, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Venus Yvette Springs appeals the district court's order adopting the magistrate judge's order granting Ally Financial Incorporated ("Ally") and Amy Bouque's (collectively, Appellees) motion for a protective order.* Finding no reversible error, we affirm.

Springs first contends that the district court violated this Court's mandate by modifying a protective order and that the court lacked subject-matter jurisdiction to enter a postjudgment protective order, even though we previously ruled that it had such jurisdiction. "We review de novo the district court's interpretation of the mandate." United States v. Pileggi, 703 F.3d 675, 679 (4th Cir. 2013). The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal or otherwise waived." United States v. Susi, 674 F.3d 278, 283 (4th Cir. 2012). Moreover, "any issue that could have been but was not raised on appeal is waived and thus not remanded." Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) (internal quotation marks omitted). We

---

* This case has been before us on two prior occasions, Springs v. Ally Fin., Inc., 475 F. App'x 900 (4th Cir. 2012) (No. 12-1258), and Springs v. Ally Fin., Inc., 657 F. App'x 148 (4th Cir. 2016) (Nos. 15-1244, 15-1888).

3

conclude that the district court faithfully carried out our mandates.

Next, Springs contends that Appellees' motion was not timely filed. Rule 26(c), Fed. R. Civ. P., authorizes the district court to issue protective orders, but does not contain a timeframe in which a party must seek such an order. However, "courts regularly have grafted reasonable time requirements onto otherwise silent federal procedural rules in both the criminal and civil contexts." Resolution Tr. Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1204 (1st Cir. 1994) (internal quotation marks omitted). Here, Appellees first sought to resolve this dispute without seeking judicial intervention, as required by Rule 26(c). We further conclude that Appellees filed their motion within a reasonable time.

Finally, Springs contends that good cause does not support the protective order and that it violates her First Amendment rights. We review a "district court's entry of a protective order . . . for abuse of discretion." Fonner v. Fairfax Cty., 415 F.3d 325, 330 (4th Cir. 2005). "The district court abuses its discretion if its conclusion is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 161 (4th Cir. 2012) (internal quotation marks omitted).

4

The Supreme Court has held that "where . . . a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 37 (1984). Springs correctly notes that the video deposition at issue in the protective order was not just pretrial civil discovery, but was attached to her opposition to Ally's motion for summary judgment. We have "held that the First Amendment right of access [to judicial documents] attaches to materials filed in connection with a summary judgment motion." Doe v. Pub. Citizen, 749 F.3d 246, 267 (4th Cir. 2014). Thus, we conclude that the district court should have conducted an explicit First Amendment analysis.

However, "we may affirm a district court's ruling on any ground apparent in the record." United States ex rel. Drakeford v. Tuomey, 792 F.3d 364, 375 (4th Cir. 2015). In the sealing context, the First Amendment limits restricting access to court documents to restrictions "necessitated by a compelling government interest" and that are "narrowly tailored to serve that interest." Doe, 749 F.3d at 266 (internal quotation marks omitted). Applying this framework to the protective order at issue, we readily conclude that the district court's order does

5

not unduly infringe on Springs' First Amendment rights. The district court has a compelling interest in preventing litigants like Springs from using discovery to mock and harass a private party on the Internet. See Seattle Times, 467 U.S. at 34 ("Rule 26(c) furthers a substantial governmental interest unrelated to the suppression of expression."). Moreover, the district court's order is narrowly tailored to support that interest, only preventing Springs from using the video and audio recordings to distribute her message.

Finally, we conclude that the district court did not abuse its discretion in concluding that good cause supports issuing the protective order. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy" Rule 26(c). Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). However, Springs accused Bouque of perjury, which amounts to defamation per se under North Carolina law. See Gudger v. Penland, 13 S.E. 168, 170 (N.C. 1891).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED