**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6810

JOHN HENRY MILLER,

Plaintiff - Appellant,

v.

DR. KAMALESH PATEL; DR. CHRISTOPHER MCCOY, D.O.; PRINCETON
COMMUNITY HOSPITAL,

Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge; Dwane Lamont Tinsley, Magistrate Judge. (1:17-cv-04169)

Submitted: October 9, 2018                    Decided: October 29, 2018

Before GREGORY, Chief Judge, and KEENAN and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

John Henry Miller, Appellant Pro Se. Joseph Dustin Dillard, John Dorsey Hoffman, FLAHERTY, SENSABAUGH & BONASSO, PLLC, Charleston, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Henry Miller seeks to appeal the magistrate judge's proposed findings and recommendation that the district court dismiss his complaint without prejudice. We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Absent both designation by the district court and consent of the parties," pursuant to 28 U.S.C. § 636(c) (2012), a magistrate judge's opinion is not a final order, and we lack jurisdiction over an appeal from a magistrate judge's report and recommendation. *Haney v. Addison*, 175 F.3d 1217, 1219 (10th Cir. 1999); *see Aluminum Co. of Am. v. U.S. Envtl. Prot. Agency*, 663 F.2d 499, 501-02 (4th Cir. 1981) (holding that, when district court specifically refers dispositive matter to magistrate judge under 28 U.S.C. § 636(b)(1)(B) (2012), district court is obligated to conduct de novo determination of magistrate judge's order).

The doctrine of cumulative finality can cure this jurisdictional defect if the district court enters a final judgment after a premature notice of appeal but before our consideration of the appeal. *Equip. Fin. Grp., Inc. v. Traverse Comput. Brokers*, 973 F.2d 345, 347-48 (4th Cir. 1992). However, this doctrine only applies if the appellant appeals from an order that the district court could have certified for immediate appeal under Fed. R. Civ. P. 54(b). *In re Bryson*, 406 F.3d 284, 287-89 (4th Cir. 2005). A district court may certify an order for immediate appeal under Rule 54(b) if the order is "final in the sense that it is an ultimate disposition of an individual claim entered in the

2

course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (internal quotation marks omitted). Thus, cumulative finality cannot save "a premature notice of appeal from a clearly interlocutory decision." *Bryson*, 406 F.3d at 288 (internal quotation marks omitted); *see FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991).

In this case, the district court adopted the magistrate judge's recommendation and entered final judgment after Miller noted this appeal. Nevertheless, Miller's appeal of the magistrate judge's report is "clearly interlocutory" and could not have been certified under Rule 54(b), so the doctrine of cumulative finality does not apply. Accordingly, the order Miller seeks to appeal is neither a final order nor an appealable interlocutory or collateral order, and we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3