**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6405**

CALVIN SCOTT WEDINGTON,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Joe L. Webster, Magistrate Judge.  (1:20-cv-00227-WO-JLW)

Submitted:  October 22, 2020                    Decided:  October 26, 2020

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Calvin Scott Wedington, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Scott Wedington seeks to appeal the magistrate judge's order denying his motion for appointment of counsel and report recommending that the district court dismiss his pleading treated as a 28 U.S.C. § 2241 petition without prejudice to his filing it in the proper district. The district court referred Wedington's case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)-(B) and advised Wedington that failure to file timely objections to the order and recommendation would waive appellate review of a district court order based upon the order and recommendation. Wedington noted an appeal of the order and recommendation to this court. The district court thereafter adopted the magistrate judge's recommendation and dismissed the petition without prejudice. Wedington, however, failed to file an amended notice of appeal.

We may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291, and certain interlocutory and collateral orders. 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). "Absent both designation by the district court and consent of the parties" pursuant to 28 U.S.C. § 636(c), a magistrate judge's order issued pursuant to § 636(b)(1)(A) or report and recommendation issued pursuant to § 636(b)(1)(B) is neither a final order nor an appealable interlocutory or collateral order. *Haney v. Addison*, 175 F.3d 1217, 1219 (10th Cir. 1999); *see Aluminum Co. of Am. v. U.S. Env't Prot. Agency*, 663 F.2d 499, 501-02 (4th Cir. 1981) (noting that district court need only determine whether order issued pursuant to § 636(b)(1)(A) is clearly erroneous or contrary to law and holding that, when a district court refers a matter

2

under § 636(b)(1)(B), it is obligated to conduct a de novo determination of the magistrate judge's order).

When a notice of appeal is premature, the jurisdictional defect can be cured under the doctrine of cumulative finality if the district court enters a final judgment prior to our consideration of the appeal. *Equip. Fin. Grp., Inc. v. Traverse Comput. Brokers*, 973 F.2d 345, 347-48 (4th Cir. 1992). Not all premature notices of appeal, however, are subject to the cumulative finality rule; instead, this doctrine applies only if the appellant appeals from an order that the district court could have certified for immediate appeal under Fed. R. Civ. P. 54(b). *In re Bryson*, 406 F.3d 284, 287-89 (4th Cir. 2005). A district court may certify an order for immediate appeal under Rule 54(b) if the order is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (internal quotation marks omitted).

"[A] premature notice of appeal from a clearly interlocutory decision" cannot be saved under the doctrine of cumulative finality. *In re Bryson*, 406 F.3d at 288 (internal quotation marks omitted); *see also FirsTier Mortg. Co. v. Inv'rs Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991) (notice of appeal from a clearly interlocutory decision cannot serve as a notice of appeal from final judgment). Because the magistrate judge's order and recommendation was interlocutory and could not have been certified under Rule 54(b), the doctrine of cumulative finality does not apply here. Thus, we dismiss Wedington's appeal for lack of jurisdiction.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*